FILED IN
COURT OF CRIMINAL APPEALS

June 30, 2015

ABEL ACOSTA, CLERK

PD-0290-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/25/2015 5:09:34 PM
Accepted 6/30/2015 8:15:59 AM
ABEL ACOSTA
CLERK

## CASE NO. PD-0290-15

IN THE

COURT OF CRIMINAL APPEALS

OF TEXAS

---

# JOHN DENNIS CLAYTON ANTHONY, Appellant

# VS.

# THE STATE OF TEXAS, Appellee

---

APPEAL FROM BAILEY COUNTY

---

## MOTION TO SUPPLEMENT CLERK'S RECORD
### * *"MISSING' EVIDENCE* *

---

TROY BOLLINGER
APPELLATE ATTORNEY FOR MR. ANTHONY
State Bar ID Number: 24025819

600 Ash Street
Plainview, TX, 79072
Telephone: 806-293-2618
Facsimile: 806-293-8802

**COMES NOW JOHN DENNIS CLAYTON ANTHONY**, by and through his appointed attorney on appeal, Troy Bollinger, and respectfully submits this Motion to Supplement the Record in the above entitled and numbered cause. In support of this Motion, Appellant would show this Honorable Court the following:

## I.

The Defendant, JOHN DENNIS CLAYTON ANTHONY, plead Guilty in the 287th District Court of Bailey County. The 7th Court of Appeals reversed the conviction in the to be published opinion *Anthony v. State*, **07-13-00089-CR** (Tex. App. – Amarillo – 2015). The State requested, and this Honorable Court granted a petition for discretionary review on May 20, 2015.

## II.

Both a Clerk's Record and a Reporter's Record have been filed in this cause.

## III.

Appellant has raised issues of prejudice resulting from an involuntary plea and ineffective assistance of counsel at the initial plea. This requires that Appellant request that this Honorable Court ORDER

the supplement to the available Clerk's Record for two very important reasons.

## IV.

The State, in both the Court of Appeals and in its present Petition, has argued: *"no evidence was presented at the plea proceeding that the child was under six years old"* [STATE'S BRIEF ON THE MERITS, PP. 5-6]. Appellant would contend that it is clear **from the existing record** that such evidence was presented and available to the Judge for his consideration at the plea.

First there was a Pre-Sentence Investigation Report presented to the judge and SPECIFICALLY considered by the Trial Court. The Reporter's Record from the original plea clearly indicates this, including:

> *THE COURT: Thank you. You may be seated. Do we have a PSI?*
>
> *MR. McEACHERN: Yes, sir. Your Honor, I've gone over with Bruce that PSI.*
>
> *THE COURT: So you're satisfied with the contents?*
>
> *MR. McEACHERN: I am, Your Honor.*

[Reporter's Record, V1, p12]

AND

*THE COURT: All right. Is there any – are there any other corrections*

*or objections to the contents of the PSI?*

*MR. McEACHERN: No, Your Honor.*

[Reporter's Record, V1, p13]

It is obvious that any competent PSI report created for an offense of *Aggravated Sexual Assault of a Child under Fourteen* will inevitably include the age and/or date of birth of the Complainant in the case. It is equally obvious, from the clear record, that the Trial Court received and considered this report in making his decision and ruling. Thus, the Appellant respectfully requests that the Clerk's record be supplemented with this PRE-SENTENCE INVESTIGATION REPORT that the Appellant might effectively counter the State's contention quoted above.

Additionally, there are additional sources of the age information **currently** not included in the record. These are an Application for Protective Order and the Actual Protective Order itself that were rendered at the **same time** as this plea. Appellant argues that these are specifically incorporated by reference and MUST be included for a full and complete record. Again, the Reporter's Record from the original plea indicates this and fully supports Appellant's position. It includes the following:

*MR. McEACHERN: If I may, it wasn't announced during the plea bargain, also a part of this plea is, there is an application for a protective order that's on file.*

*We have agreed and — waive service of that and <u>have agreed to the protective order being issued as a final order today, and that's also a part of the plea bargain agreement.</u>*

*THE COURT: Okay. Mr. Anthony, it's my understanding that you have a plea bargain agreement in this case to be placed on a deferred adjudication ..."*

*And also <u>as a part of this plea bargain agreement, that this final protective order would be signed and entered today.</u>*

*Is that your understanding of the plea bargain agreement in this case?*

*MR. ANTHONY: Yes, Your Honor.*

*THE COURT: And, Mr. McEachern, is that your understanding of the plea bargain agreement?*

*MR. McEACHERN: It is, Your Honor.*

*THE COURT: And is that the State's understanding of the plea bargain agreement?*

*MS. GURLEY: It is, Your Honor.*  <emphasis added>

[Reporter's Record, V1, pp.14-15]

AND

*THE COURT: And as we previously talked about in a criminal case*

*disposition, <u>there was an agreement as part of the disposition</u>*

*<u>of the criminal case that this final protective order would be</u>*

*<u>entered in this case.</u>*

*MR. McEACHERN: That's my understanding, Your Honor.*

*THE COURT: And is that the State's understanding?*

*MS. GURLEY: It is, Your Honor.*

[Reporter's Record, V1, pp.18-19] <emphasis added>

AND

*The Court has signed this final protective order here today. We had a*

*discussion about its approval and agreement earlier this*

*morning. The clerk has now – has now file marked it and has*

*made a copy of it; is that correct?*

*THE CLERK: Yes, sir.*

*THE COURT: And delivered a copy to the respondent, John Dennis*

*Clayton Anthony?*

*THE CLERK: Yes, sir.*

[Reporter's Record, V1, p 20]

Like the PSI report, the application for a protective order and the order itself will, inevitably, reveal the age of the child. This was information before the Trial Court and expressly considered by the Trial

Court. Unfortunately, these two items are included only in the Clerk's Record for Cause Number 8,612 from the 287th District Court of Bailey County. The application and protective order in the *"Interest of Harly Zapalac"* from this matter was considered, is specifically incorporated by reference, and is absolutely essential to refute the State's contentions above.

Thus, the Appellant also respectfully requests that the Clerk's record be supplemented with the APPLICATION FOR PROTECTIVE ORDER and PROTECTIVE ORDER reference in the above portions of the Reporter's Record (volume 1). These are currently marked and included in the Clerk's Record for Cause Number 8,612 from the 287th District Court of Bailey County entitled *"In the Interest of Harly Zapalac"*. These are required that the Appellant might effectively counter the State's contention quoted above.

**WHEREFORE, PREMISES CONSIDERED**, Appellant prays that this Court will grant his Motion to Supplement the Clerk's's Record in this Cause. SPECIFICALLY, Appellant would request that the above mentioned PSI report, Application for Protective Order, and

granted Protective Order (***all specifically incorporated by reference***) be incorporated into the relevant Clerk's Record of this case.

ADDITIONALLY, Appellant would request that the time deadline for Appellant's brief being due be reset to 30 days from when the Clerk complies with this Honorable Court's ORDER.

Respectfully submitted,

Laney & Bollinger
600 Ash Street
Plainview, TX 79072
Tel: 806-293-2618
Fax: 806-293-8802
troy@laneybollinger.com

***/s/ Troy Bollinger***

By:_____
    Troy Bollinger
    State Bar No. 24025819

# CERTIFICATE OF SERVICE

I, TROY BOLLINGER, do hereby certify that a true and correct copy of the foregoing Motion to Supplement Clerk's Record was delivered to Lisa C. McMinn, State's Prosecuting Attorney, by fax transmission to (512) 463-5724, on this day, June 25, 2015.

*/s/ Troy Bollinger*

By:_____

Troy Bollinger
State Bar No. 24025819